24 Ill. App.3d 242 (1974)
320 N.E.2d 355
MARIE PHILLIPS, Admr'x of the Estate of Calvin Phillips, Plaintiff-Appellee,
v.
THE BOARD OF FIRE AND POLICE COMMISSIONERS OF EAST ST. LOUIS, Defendant-Appellant.
No. 73-233.
Illinois Appellate Court  Fifth District.
December 2, 1974.
Richard G. Younge, of East St. Louis, for appellant.
Apoian & Ross, of East St. Louis (Dale M. Funk, of counsel), for appellee.
Judgment-Appellant.
*243 Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:
The Board of Fire and Police Commissioners of the City of East St. Louis (Board) appeal a decision of the circuit court of St. Clair County, reversing a decision of the Board discharging Patrolman Calvin C. Phillips (Phillips) from the East St. Louis Police Department. After the filing of the complaint for administrative review in this case, the trial court entered an order substituting Marie Phillips as Administratrix of the Estate of Calvin C. Phillips, deceased, for Phillips, who died during the pendency of this proceeding.
A hearing was held before the Board on three complaints filed against Phillips. The three complaints were consolidated and presented to the Board in one hearing over the protest of Phillips. The president, vice president, and an attorney member of the Board participated in the hearing with the attorney acting as chairman of the hearing. There was sufficient evidence to sustain the Board's discharge of Phillips had no reversible error been committed. However, it is undisputed that the Board conducted the prosecution and then decided the case adversely to Phillips. In other words, the Board acted as both prosecutor and judge in this case.
"A proceeding held before an administrative body which is quasi-judicial in nature is not a partisan proceeding but it is, instead, an administrative investigation instituted for the purpose of ascertaining and making findings of fact, and in such a proceeding the administrative agency cannot be said to represent one party against another or to be arrayed on one side against a party thereto." Ill. L. & Pr. Administrative Law and Procedure § 25, at 461 (1953).
In Gigger v. Board of Fire & Police Com'rs, 23 Ill. App.2d 433, this court, speaking through Justice Hoffman, said at page 439:
"It is imperative that the record of an administrative hearing show that an impartial inquiry into the facts was conducted. It should never appear, as it does in this case, that the procedure was aimed primarily at proving the guilt of the plaintiff."
In Inter-State Water Co. v. City of Danville, 379 Ill. 41, our supreme court held that the Commerce Commission is an administrative board, quasi-judicial only in its nature, and while it may, pursuant to statute, institute proceedings on its own motion and may make independent investigations, its decisions must be judicial and it cannot be said to represent one party as against another.
 1 In Gardner v. Repasky (1969), 434 Pa. 126, 130, 252 A.2d 704, 706, *244 a case involving the discharge of a policeman, the Supreme Court of Pennsylvania said:
"We held in Schlesinger Appeal, 404 Pa. 584, 172 A.2d 835 (1961), that where a prosecutor and judge were combined in one body, the accused was denied a fair hearing to which due process of law entitled him."
See also Donnon v. Civil Service Com. (1971), 3 Pa. Cmwlth 366, 283 A.2d 82. The gist of all of this authority is that never, ever, can there be a merger of the prosecutorial and judicial functions in a court or in an administrative body exercising quasi-judicial functions.
 2 After reviewing the decision of the Board in this case, the circuit court found the issues in favor of the plaintiff and ordered that she recover the back wages of the deceased Patrolman Phillips from the date of his suspension or discharge to the date of his death. The question arises whether outright reversal was proper or whether the case should have been remanded to the Board for a new hearing. Since Patrolman Phillips was killed before the circuit court heard his appeal for review, his administratrix would be severely handicapped if there were a retrial of this case, because Phillips would not be available to testify. This would be unfair to the party who did not create the error.
We therefore find that the order of the circuit court, which in effect reversed the decision of the Board, was proper.
Judgment affirmed.
EBERSPACHER and CARTER, JJ., concur.