MARVIN WESTBY, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PLANO *et al.*, Defendants-Appellees.

Second District   No. 76-214

Opinion filed April 29, 1977.

Richard A. Rifas, of Chicago, for appellant.

Peter L. Krentz, of Plano, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff seeks reinstatement as chief of police of the city of Plano. He had been discharged following a hearing before the Board of Fire and Police Commissioners of the City. Acting on his complaint for administrative review, the circuit court affirmed the decision of the board.

The plaintiff appeals, contending that the failure of the board to adopt and publish rules deprived him of due process, that he did not receive a fair and impartial hearing before the board, and that the findings of the board are against the manifest weight of the evidence.

The City of Plano is a community of approximately 5,000 people with a part-time mayor and with infrequent serious crime. The police department is composed of one chief of police, one sergeant, five officers and five radio operators. Some are only part-time employees. The department has two patrol cars and one unmarked car. At any given time the number of policemen actually on duty ranges from three to one. When a single officer is on duty the chief and the sergeant are apparently considered to be "on call" 24 hours a day. The city adopted a Board of Fire and Police Commissioners pursuant to section 10—2.1—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—1) by an election on April 15, 1975. The board assumed office shortly thereafter. Although rules and procedures were being considered, the board had failed to adopt rules to govern dismissal proceedings at the time of the dismissal hearing on October 27, 1975.

■■ The failure of the board to adopt rules pursuant to section 10—2.1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—5) ("The board shall make rules * * * for appointments and removals * * *") did not adversely affect plaintiff in this case, however, and is therefore not cause for a reversal.

The statute also states as pertinent:

> "no officer * * * shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. The board * * * shall conduct a fair and impartial hearing of the charges * * *." (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17.)

The provision that rules of procedure shall be adopted by the board is in aid of the legislative purpose that the board be an independent agency free from political and other influences and thus able to provide a fair and impartial hearing. (*Stryker v. Village of Oak Park*, 62 Ill. 2d 523, 533 (1976); *Mank v. Board of Fire & Police Commissioners*, 7 Ill. App. 3d 478, 482 (1972).) Rules must be adopted by the board within a reasonable time but the failure to adopt rules does not deprive the board of jurisdiction to hear and decide the charges. *Mank v. Board of Fire & Police Commissioners*, 7 Ill. App. 3d 478, 483 (1972).

It has been held that the failure to follow rules even when they have been adopted does not require reversal of an administrative order unless prejudice is demonstrated. (*Flynn v. Board of Fire & Police Commissioners*, 33 Ill. App. 3d 394, 397 (1975).) In our view we are led to the same inquiry whether the board has failed to adopt rules or whether it has adopted rules and failed to heed them. In each case the question is whether the failure has prejudiced the plaintiff and prevented him from receiving the fair and impartial hearing which the statute mandates.

■■ Plaintiff's contention that he did not receive a fair and impartial hearing is not substantiated by the record. He complains that he was not permitted to name witnesses for the board to subpoena. His only request for a subpoena appearing on the record, however, was for the appearance of Larry Nelson, the owner of the local radio station. Nelson appeared at the hearing as a reporter for the station and a subpoena was in fact issued by the board and served on him. Plaintiff's counsel sought to elicit testimony from Nelson as to an alleged meeting where Chief Westby was asked to resign and the witness claimed the privilege of the news media not to divulge his sources of information. The failure to adopt rules was in no way related to the witness' refusal to testify.

■■ Plaintiff's further complaint that he was denied a continuance again is related to the board's failure to adopt rules and was a permissible exercise of the board's discretion.

■■ It further appears that the hearing was conducted with full regard for plaintiff's due process rights. The board was represented by its own attorney who did not participate in any questioning of the witnesses or otherwise act as prosecutor. (Contrast *Gigger v. Board of Fire & Police Commissioners*, 23 Ill. App. 2d 433, 437 (1960). See also *Phillips v. Board of Fire & Police Commissioners*, 24 Ill. App. 3d 242, 244 (1974).) The city attorney represented the complainants. Plaintiff was represented by counsel of his choice who was permitted lengthy cross-examination of all witnesses and the opportunity to call witnesses in plaintiff's behalf. Moreover, the board's ruling on the objections of both parties, on a review of the record, appears to have been impartial. We conclude that the procedure followed at the hearing afforded due process. *Chambliss v. Board of Fire & Police Commissioners*, 20 Ill. App. 3d 24, 31 (1974). See also *Flynn v. Board of Fire & Police Commissioners*, 33 Ill. App. 3d 394, 402 (1975).

■■ Plaintiff has suggested a number of other circumstances which he claims have impugned the fairness and impartiality of the proceeding. He suggests that the fact that all but one of the members of the police department of the city had written letters stating that they would resign if Westby remained a police chief made a fair hearing impossible. We do not agree. The attitudes of co-employees are relevant to the charge that

plaintiff's conduct had adversely affected the morale of the department and the letters do not appear to be improperly motivated. It was appropriate for the board to receive the letters as part of its preliminary investigative function in determining whether formal charges resulting in the administrative hearing were justified. (See *Morelli v. Board of Education*, 42 Ill. App. 3d 722, 730 (1976); *cf. Reich v. Board of Fire & Police Commissioners*, 13 Ill. App. 3d 1031, 1035-36 (1973).) Except for two findings (18c and 20b) which apparently were based on only the evidence of the letters and which will be discussed in another part of this opinion, there is nothing in the record to support plaintiff's argument that the board had acted improperly in this regard.

■■ ■ Plaintiff also contends that the fact that the mayor suggested that he resign at a private meeting prior to the hearing suggests that plaintiff's fate was determined at that time. The mayor's suggestion, however, was to avoid the expense and general publicity of a hearing brought about by charges made by practically the entire police department. His suggestion that plaintiff resign does not affect the fairness of the hearing which plaintiff chose to undergo. The further claim that there is an appearance of impropriety because the mayor appointed his immediate supervisor in his private employment as one of the members of the board is not persuasive. Plaintiff has cited in support of this suggestion the case of *Mank v. Board of Fire & Police Commissioners*, 7 Ill. App. 3d 478 (1972). However, in *Mank* the commissioner who was the father of the police chief brought charges against Mank and the case is clearly inapposite on its facts.

■■ Nor is the fact that one of the complainants, Sergeant Gallucci, was appointed acting police chief and recommended for a pay raise above that which he received as a sergeant demonstrate that plaintiff was deprived of a fair hearing. The suspension of Westby would necessarily require the appointment of an acting head of the police department. The weight to be given Gallucci's testimony was a matter of credibility for the board but it does not impugn the fairness of the hearing.

We conclude that plaintiff was accorded a fair and impartial hearing.

We therefore review the record in response to plaintiff's claim that the finding of the board that plaintiff be dismissed for cause is against the manifest weight of the evidence and requires a reversal of the decision of the board.

The "cause" for dismissal referred to in section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17) has been held to mean

> "some substantial shortcoming which renders continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a

sound public opinion recognize as a good cause for his not longer occupying the place." (*Fantozzi v. Fire and Police Commissrs.*, 27 Ill. 2d 357, 360 (1963).)

(See also *Nation v. Board of Fire & Police Commissioners*, 40 Ill. App. 3d 384, 386-87 (1976).) A police board is accorded considerable discretion in determining what constitutes cause for discharge; and its decision as to the existence of cause will not be reversed "so long as its findings are related to the requirements of the service and not so trivial as to be arbitrary or unreasonable." *Petraitis v. Board of Fire & Police Commissioners*, 31 Ill. App. 3d 864, 868 (1975).

A number of the charges against the plaintiff were dismissed by the board upon stipulation of the parties. The board found Westby not guilty of many of the remaining allegations against him. They did, however, find him guilty of violation of the following rules and regulations of the police department of the City of Plano:

"Rule 1, Section D Incompetence, negligence or inefficient performance of duty.

Rule 2, Section D Abusive attitude toward fellow employees or public.

Rule 4, Section D Violation of official rules, inability to follow directions, or conduct that will injure or inconvenience the City or public.

Rule 8, Section D Misconduct that is of a serious nature."

The board made various findings of fact with reference to its decision.

The record supports the charges which relate generally to shortcomings in plaintiff's performance of his administrative duties. In one instance (Finding 17) the officers had listed a potential problem with the brakes on one of the three of the department's squad cars as evidenced by the warning light. This was listed on patrol sheets from July 27, 1975, to August 2, 1975, yet the chief kept the vehicle in operation. In the case of another of the squad cars there was a recall statement from the manufacturer based on defects in the heat shield and power brake vacuum booster with no timely action having been taken by the chief.

Plaintiff was also charged with the failure to arrange for a substitute officer for one of his men on August 27, 1975, although there was evidence that plaintiff was informed of the situation at least a week before. (Finding 20c.) There was also evidence of a similar failure to arrange for a substitute officer on July 30, 1975. (Finding 20d.) There was evidence to support Finding 20e of the board that the plaintiff failed to notify an officer of a schedule change. Findings were also supported by evidence on relatively minor administrative matters such as plaintiff's failing to count fine money on time; failing to submit the department's bills and purchase orders on time; authorizing duplicate payments of a bill; in one

instance neglecting to submit a bill due; and failing to notify the treasurer of terminated employees. In the aggregate the cumulative administrative failures which devolved on the chief personally because of the small town police force he headed were properly found to relate to inefficient operation of the department sufficient to constitute cause for dismissal as chief of police.

■■ There was also evidence which unfavorably reflected on the plaintiff's integrity as a police officer. The board's finding that the chief had pressured a subordinate into voiding a traffic citation issued to the son-in-law of a former sheriff is supported by evidence. (Finding 13.) The public has a right to expect that its police officers and particularly its chief of police will maintain a high standard of integrity. *Crowell v. Police Board*, 32 Ill. App. 3d 552, 556-57 (1975).

There were other instances in which the record shows that the plaintiff failed to act competently and responsibly in the performance of his duties. The board found (18a) that the plaintiff acknowledged but failed to respond to a request from one of his officers for assistance on October 3, 1974. The officer was apprehensive of physical violence because of previous dealings with a family, one of whose members he was in the process of transporting to the youth home. In a force in which occasionally one officer was on patrol duty at a time it became a particular responsibility of the chief to be able to back up an officer in emergency situations or to make other necessary arrangements. There was also evidence to support the board's finding (20a) that the plaintiff had on a number of occasions failed to notify anyone of his being out of the area, or if in the area had failed to notify where he could be contacted by radio or telephone. In one instance this resulted in the city being without police protection for almost one hour.

There were several findings made by the board which in our view were not substantiated by testimony or evidence in the record. Among others this included findings 18c and 20b previously referred to which were supported only by letters received prior to the hearing and not by testimony and therefore were improperly entered by the board. See *Morelli v. Board of Education*, 42 Ill. App. 3d 722, 730 (1976).

In *Basketfield v. Police Board*, 56 Ill. 2d 351 (1974), the supreme court concluded that where there was no substantial evidence to support the most serious charge against Basketfield, the case should be remanded for a new hearing. It reasoned that the sanction imposed by the board might have been different were only the charges that had been sustained made the basis for disciplinary action.

■■ Here, however, a range of charges involving the administrative inefficiency, lack of integrity and irresponsible conduct was supported by the record. There is no reason to believe that the board would resolve this

matter differently if it were to consider only those charges which we have sustained. (See *Sudduth v. Board of Fire & Police Commissioners*, 48 Ill. App. 2d 194, 213 (1964).) In the aggregate, the findings which have been sustained by the evidence amount to cause for dismissal and the decision of the board is not against the manifest weight of the evidence. See *Sola v. Clifford*, 29 Ill. App. 3d 233, 236 (1975).

We therefore affirm.

Affirmed.

GUILD and BOYLE, JJ., concur.