JOHN W. PARSONS, Plaintiff-Appellee, *v.* THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 76-724

Opinion filed June 29, 1977.

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel), for appellants.

Shimeall, Stewart & Brendemuhl, of Schaumburg (James F. Shimeall, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The portion of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b111) considered in this appeal provides:

"No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed or discharged, demoted or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and

after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him. *Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days.*" (Emphasis added.)

John W. Parsons, an employee of the Industrial Commission of this State, was notified that written charges of the Industrial Commission seeking Parsons' discharge had been approved by the State Director of Personnel. Within the 15-day period provided by the statute, Parsons made a written request to the Civil Service Commission (Commission) for a hearing upon the charges. The Commission set the hearing for November 16, 1973, within 30 days of the request for the hearing as specified in the statute. On November 2, 1973, Richard H. Schnadig, special assistant to the Director of the Department of Personnel, wrote to the executive secretary of the Commission on the letterhead of the Department of Personnel. A copy of this letter was sent to Parsons' attorney. It stated that Mr. Schnadig expected to be appointed a Special Attorney General to handle the case. On that assumption, he requested a continuance because of other commitments he had for the time the hearing was set.

By letter dated November 14, 1973, the Commission advised Parsons that pursuant to the request of the Industrial Commission the hearing was continued to January 3, 1974, a date which was more than 30 days after Parsons' request for a hearing. On December 6, 1973, Mr. Schnadig wrote another letter requesting a second postponement and the Commission then continued the matter to January 24, 1974, when the hearing commenced.

Parsons presented a motion to the Commission's hearing officer to dismiss the charges because of the Commission's failure to hold a hearing within 30 days of his request. This motion was denied by the hearing officer. His ruling was approved by the Commission, which concluded that sufficient grounds for Parsons' discharge had been established. Parsons filed a complaint for administrative review in the circuit court. The court held the Commission failed to grant Parsons a hearing within 30 days of his request and this deprived the Commission of jurisdiction of the matter. The Commission appeals that ruling.

Two issues are presented for review. The first is whether the statutory requirement that the Commission grant a hearing within 30 days of the employee's request is satisfied by scheduling a hearing within the 30-day period and then, on application of the State, postponing the commencement of the hearing beyond the 30-day period. The second issue is whether Parsons waived his objection to the failure of the Commission to hold a hearing within 30 days from his request.

For precedent we look to three cases recently decided by this court which interpret and apply the portion of the statute quoted above, which provides, "Upon the filing of such a request for hearing, the Commission *shall grant a hearing* within 30 days." (Emphasis added.) In all three cases no hearing was held within the 30-day period and the court held the charges against the employee should for that reason have been dismissed.

*McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308, involved a hearing scheduled initially more than 30 days after the employee's request. This court held the 30-day provision was mandatory rather than directory and the requirement of the statute had not been satisfied.[1]

The factual situation presented by this case—the scheduling of a hearing within 30 days followed by its postponement at the State's request so that no hearing was actually held within the 30-day period—was considered in two later cases, *Jackson v. Civil Service Com.* (1976), 41 Ill. App. 3d 87, 353 N.E.2d 331 and *Kahn v. Civil Service Com.* (1976), 40 Ill. App. 3d 615, 352 N.E.2d 231. In *Jackson,* the Commission scheduled a hearing for December 24, 1973, which was within 30 days of the receipt of the employee's request. After the employee was notified of the hearing to be held on December 24, the Governor declared that date a holiday for State employees, and the Commission then rescheduled the hearing to a date beyond the 30-day period. The court held that the Commission exceeded its authority in resetting the hearing for a date beyond the 30-day period, explaining that the phrase "shall grant a hearing" as used in the statute is not the equivalent of "shall schedule a hearing." The rationale of the *Jackson* decision was that the word "grant" required the Commission to provide a hearing within the period specified in the statute.

The Commission set a hearing in *Kahn* within the 30-day period. Then on application of the State Department which instituted the charges, the Commission continued the hearing to a date 62 days after the employee's request. The *Kahn* court construed "grant a hearing" as used in the statute to mean "hold a hearing." At the same time, relying on *Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877, the *Kahn* court observed that for good cause shown, continuances may be granted which extend the hearing to a time beyond the 30-day period, but concluded good cause had not been shown.

In the case before us, the Commission emphasizes the observation in

---

[1] In accord with the view expressed in *McReynolds* that a State employee is entitled to prompt disposition of disciplinary charges against him is the recent opinion of this court in *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782, holding that the statutory requirement that the Commission make a final determination within 60 days of its receipt of the transcript of administrative proceedings is mandatory.

*Kahn* that continuances beyond the 30-day period could be granted for good cause; however, we do not interpret the statute to permit such a continuance even for good cause. We disagree for two reasons with the observation in the *Kahn* opinion on which the Commission relies to justify the continuance granted in this case. First, a continuance beyond the 30-day period is inconsistent with the *Kahn* court's own construction of the phrase "grant a hearing." Second, *Horan,* the *Kahn* court's authority for its observation, dealt with a different statute applicable to employees of a sanitary district. The words "grant a hearing" did not appear in the statute interpreted by the *Horan* court.

■■ We adhere to the view expressed in *Jackson* that to permit a continuance beyond the 30-day period could circumvent one of the objectives of the statute which is to " 'provide a timely hearing and a speedy adjudication of disciplinary charges.' " (41 Ill. App. 3d 87, 93.) We agree with *Jackson* that the State could defeat that objective merely by scheduling a hearing for a date within the 30-day period and then continuing the matter indefinitely. As the court did in *Jackson,* we reject the suggestion that a continuance beyond the 30-day period might sometimes satisfy the statute. The conclusion we reach is that the statute governing the proceedings of the Commission requires that the hearing commence within the 30-day period. The Commission's action in postponing the hearing at the State's request beyond the 30-day limit did not satisfy the statutory requirement.

■■ Even if, as *Kahn* suggests, the statute permits a continuance beyond the 30-day period for good cause provided a hearing is initially scheduled for a date within the 30-day period, the State has failed to show good cause for the postponement granted in this case. In choosing a special assistant to the Attorney General to present this case, the State designated an attorney who, even before he was officially assigned to this case, acknowledged that he would not be able to comply with the date the Commission had already set for the hearing because of his other commitments. Instead of selecting Mr. Schnadig to represent it in this case, the State should have appointed someone whose schedule would have permitted him to appear at the hearing on the date set and participate in it.

■■■ The Commission contends that Parsons waived his objection to its failure to comply with the 30-day statutory requirement by not asserting his objection promptly. It was not incumbent upon Parsons upon learning of the request for a postponement contained in Mr. Schnadig's November 2, 1973, letter to raise any objection because Mr. Schnadig had not even been appointed at that time to represent the State and had no standing to request any continuance. In any event, on December 13, 1973, Parsons' attorney wrote the Commission protesting

Mr. Schnadig's delaying tactics and asserting these tactics were designed to discourage Parsons from pursuing his civil service rights. This was sufficient to preserve Parsons' right to object to the delay during the hearing, and to put the State on Notice that Parsons was objecting to the delay. On April 16, 1974, at the third hearing conducted by the hearing officer, Parsons' attorney pointed out that the statute required a hearing within 30 days. The Commission's "Memorandum of Law Regarding Jurisdictional Issue" filed in the circuit court acknowledges that the failure to hold a hearing within 30 days was raised by Parsons at the fourth hearing on July 11, 1974. The Commission's briefs in this court state that the issue was raised by Parsons on December 16, 1974, at the ninth hearing. It is clear that the objection was presented to the hearing officer before he made his recommendations to the Commission on April 24, 1975, and his recommendation refers to Parsons' motion to dismiss the charges for failure of the Commission to proceed with its case within 30 days.

The Commission's rules do not specify any time for presenting an objection based on the Commission's failure to comply with the statute. In view of the absence of such a direction, it cannot be said that Parsons intended to relinquish his objection. A waiver presupposes an intention to relinquish a known right. *Fey v. Walston & Co., Inc.* (7th Cir. 1974), 493 F.2d 1036, 1050; *Pantle v. Industrial Com.* (1975), 61 Ill. 2d 365, 372, 335 N.E.2d 491.

While this matter was pending before the Commission, neither the hearing officer nor the Commission took the position that Parsons had waived his right to object. On the contrary, they denied his motion to dismiss the charges on the sole ground that the statute countenanced the continuance which had been granted. The State was not prejudiced by Parsons' failure to file his formal objection at an earlier date because in view of the Commission's interpretation of the statute, the hearing officer would still have proceeded with the hearing and the taking of evidence.

In *Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 888, 324 N.E.2d 65, a requirement that notice be mailed by an administrative board within a specified time was held waived when objection was not made promptly to notice which was 1 day late, but that decision is not a precedent applicable to this case. The purpose of the mailing requirement in *Quinlan & Tyson* was only to give an offender notice that a complaint had been made against him. The court pointed out that before a hearing commenced, the offender would receive additional ample notice, and, thus, would not suffer prejudice. The purpose of the statutory requirement in this case that a hearing be held within 30 days is to protect State employees against being left in an uncertain status for a prolonged period of time while disciplinary charges are pending against

them. Continuances beyond the 30-day period are likely to prejudice State employees because, as the court pointed out in *McReynolds*, it extends the time that a person may be left without employment. For these reasons, we hold that *Quinlan & Tyson* is distinguishable, that Parsons' objection was presented to the Commission and its hearing officer in suitable time, and that Parsons did not waive that objection.

The findings and decision of the Commission must be reversed and set aside because the Commission did not hold a hearing within 30 days of Parsons filing his written request for such a hearing. Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.