EDWARD MERLE BRIDGES, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF ZION *et al.*, Defendants-Appellees.

Second District   No. 79-146

Opinion filed April 18, 1980.—Rehearing denied May 15, 1980.

Thomas P. Stepanich, of Waukegan, for appellant.

Michael J. Cummins and Ellis E. Fuqua, both of Waukegan, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

This an appeal from the judgment of the circuit court affirming the decision of the Board of Fire and Police Commissioners of the City of Zion (hereinafter called the Board) to discharge the plaintiff as a police officer.

The discharge of Officer Bridges was based on a violation of section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) (relating to the offense of battery) and a charge of "prohibited activity while on duty" under section 14.19 of the Rules and Regulations of the Zion police department.

Officer Bridges was discharged following a police chase of Richard Kee. Kee was observed by the police on the night of January 13, 1977, driving his car erratically and he was apparently intoxicated. Kee was finally cornered and after refusing a police command to come out of his car, he was pulled out forcibly. In the struggle which followed, Kee was allegedly beaten and kicked in the head and punched repeatedly in the

stomach by Bridges on the way to the police station. When he was being carried out of the car for booking, his head came in contact with the door of the police car. At the police station Kee's head was in some manner rammed against a metal partition in the booking room. Kee was bleeding profusely from cuts on his head and chin and was taken to the hospital where the cuts on his head were treated and stitches were taken for the deep cut in his chin. Kee testified that he spent six days in the hospital.

On February 10, 1977, Bridges was notified by the Board that he was being charged with willfully maltreating a prisoner in violation of the criminal statute and the Rules and Regulations of the Zion police department, and a hearing on such charges had been set for March 8, 1977. Bridges was suspended on the day the charges were filed. Prior to the hearing, Bridges' counsel met with the police chief and the Zion corporation counsel and the possibility of a negotiated plea was discussed. As a result of these negotiations an agreement was presented to the Board whereby Bridges would agree to be examined by a psychiatrist of the Board's choice touching his fitness to serve as a police officer. If the psychiatrist rendered a negative opinion as to his fitness, Bridges would submit his resignation for personal reasons. If the psychiatrist's opinion was favorable, Bridges could either enter a plea of guilty to the reduced charge of "conduct unbecoming an officer" and take an agreed suspension without pay or have a hearing on the original charges. If the psychiatrist's opinion indicated a problem that could be corrected by treatment, Bridges would be allowed a leave of absence to seek such treatment so that the problem could be corrected. This was agreed to by counsel for the Board and by Bridges' personal attorney. Pursuant to this understanding, Bridges submitted to an examination on March 10, 1977. It is not clear that the Board as a body formally approved the agreement. The Board voted to continue the hearing until March 15, to consider the report of the psychiatrist, whose examination and report were expected to be completed in the meantime. On March 15, the psychiatrist's report was received in the mail and a copy sent to counsel for Bridges. The hearing was continued to March 21. No objection was made by Bridges to such continuance, and it would appear that negotiations had not been abandoned at that point since his counsel did not ask for an immediate hearing and voiced no objection to the matter being again continued to March 30. On that date defense counsel appeared at the hearing, repudiated the understanding with the Board outlined above, and demanded an immediate hearing on the charges. The Board, after reviewing the history of the negotiations and after reading the report of Dr. Baron, the psychiatrist, found that Bridges had waived his right to a hearing, and the Board therefore discharged him from the police department.

Bridges filed a suit for administrative review of his discharge because no hearing had been conducted. The court found that there had been an agreement that Bridges would submit to a psychiatric examination, and a decision would be postponed until the psychiatrist's report was received, and that the original charges were never considered by the Board. The trial court's opinion was that reneging on the plea agreement could not be sustained as a basis for dismissal from the police force. The circuit court therefore found that Bridges was entitled to a hearing on the original charges, reversed his dismissal and remanded the case for a hearing on the charges contained in the original complaint. The court's opinion was rendered on June 15 and on June 20, 1977, Bridges demanded that the Board's decision to discharge him be again reviewed and he be reinstated. It should be noted at this point that section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17), governing the discharge of fire and police employees, states in pertinent part as follows:

"The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time."

Upon receipt of the demand for hearing on the original charges following the decision of the circuit court, the Board set a hearing for July 19 (29 days after demand therefor). On that date, the Board convened and Bridges was present with his counsel. However, it was discovered that the city attorney had forgotten to obtain a court reporter. After fruitless attempts to obtain a court reporter, the Board continued the hearing to July 21. A full hearing was held on July 21 with all parties present, and after review and consideration of the evidence the Board found Bridges guilty of the original charges and discharged him from the police force. Bridges filed an action for administrative review and the circuit court, after a hearing, affirmed the decision of the Board.

In this appeal Bridges contends: (1) the failure of the Board to conduct a hearing within 30 days of the court's remand order or of the demand for such hearing deprived the Board of jurisdiction to hear the matter, and (2) the findings of the Board were against the manifest weight of the evidence.

The plaintiff's initial contention is that the Board lost jurisdiction of the case through its failure to hold a hearing within 30 days of the remand order. The effect of a remand order in a case such as this has not been considered by an Illinois court. *Creamer v. Police Pension Fund Board* (1978), 69 Ill. App. 3d 792.

Clearly, the 30-day time limitation imposed by section 10—2.1—17 had long passed when the hearing was held. We believe the 30-day time

limit is mandatory and that it would be circumventing the statute to allow the Board to be dilatory in holding the hearing 36 days after the remand order was entered.

The court in *Edwards v. City of Marion* (1970), 130 Ill. App. 2d 895, 899-900, concluded that:

> "The plain meaning of section 10—2.1—17 is that no officer or member of a police department subject to the provisions of the Act may be discharged except in accordance with those provisions and any discharge not in accordance with those provisions is ineffective."

(See also *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 174.) Additionally, in construing a similar section of the State Personnel Code, the court in *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, concluded that the phrase "shall grant a hearing within thirty days" was a mandatory provision (Ill. Rev. Stat. 1971, ch. 127, par. 63b111). The court determined that the purpose of the statute was to give State employees certain procedural protections when they were being considered for discharge, demotion or suspension. Because the State employee is entitled to a prompt disposition of the disciplinary charges against him, the time limitation was considered to be mandatory. See also *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519.

■■ The intent of the statute in the case at bar should be similarly construed. A plain reading of the statute reveals that the hearing "may be continued from time to time" once the hearing has been commenced. However, we do not believe that the added language detracts from the mandatory requirement that the board "shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof." Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—17.

The defendants wish us to consider the written demand for a hearing as beginning the 30-day period. There is no requirement in section 10—2.1—17 or in the remand order to the effect that the plaintiff must file a demand for a hearing. Consequently we see no basis in the argument that the demand for a hearing should start the running of the 30-day period. Even if we were to adopt the demand as the starting date, the Board nevertheless failed to commence a hearing within 30 days. It is clear that the hearing may be continued from time to time once that hearing has been commenced. However, the statute clearly requires that the Board commence a hearing within the 30-day period. *Flynn v. Board of Fire & Police Commissioners* (1975), 33 Ill. App. 3d 394, cited by the defendants, does not hold otherwise.

■■ In the instant case, the motion for a continuance was granted at the outset of the hearing. To hold this to be a commencement of the hearing

would circumvent the language of the statute. Therefore, the failure of the Board to commence a hearing within 30 days of the remand caused the Board to lose jurisdiction of the case. We, therefore, are not required to deal with the plaintiff's second assignment of error.

The judgment of the circuit court of Lake County upholding the dismissal of the plaintiff from the Zion police department is therefore reversed.

Judgment reversed.

SEIDENFELD, P. J., and NASH, J., concur.