LEO FININ, Plaintiff-Appellant, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF KEWANEE, Defendant-Appellee.

Third District    No. 80-633

Opinion filed July 31, 1981.

880

Michael J. Warner and Dennis A. DePorter, both of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

James H. Nash, of Chamberlain, Nash & Nash, of Geneseo, and Samuel S. McHard, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff Leo Finin appeals from an order of the circuit court of Henry County affirming on administrative review the decision of the defendant Board of Fire and Police Commissioners of the City of Kewanee to discharge plaintiff as a Kewanee police officer. On appeal, plaintiff raises two issues for our consideration: First, did the defendant Board grant plaintiff a hearing on the charges against him within 30 days of the filing of the charges as mandated by section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17), and second, was there a merger of the prosecutorial and judicial functions of the Board when it exercised its quasi-judicial powers.

The relevant facts are that on January 8, 1980, Martin H. Katz, attorney and special prosecutor for the Board of Fire and Police Commissioners of the City of Kewanee (Board), filed charges against plaintiff Finin pursuant to section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). In the charges, Finin was accused of violating a number of State laws and various rules and regulations of the Kewanee Police Department while employed as a Kewanee police officer. Notice of the charges was served upon Finin by mail on January 9, and a hearing was set for January 28, 1980, at 10 a.m. in the Kewanee City Council Chambers.

Sometime after the matter was initially set for a January 28 hearing, Finin's attorney, Michael Warner, contacted attorney Katz and asked for a continuance. Subsequently, Katz drafted the following stipulation:

"It is hereby stipulated by and between the special prosecutor of the Board of Fire & Police Commissioners of Kewanee, Illinois and the attorney [for] Leo A. Finin as follows:

1. That whereas the matter had previously been set for hearing on the charges against Leo Finin on the 28th day of January, 1980; and

2. Whereas the defendant requires that said matter be continued;

IT IS HEREBY STIPULATED by and between the parties as follows:

1. That said hearing on the charges shall take place on February 12, 1980 at the Kewanee City Hall at the hour of 9:30 A.M.

2. That Leo Finin agrees that his suspension shall remain in full force and effect pending the outcome of the hearing on said charges.

3. That Leo Finin waives the requirement that said charges be heard within thirty days from the date said charges are filed."

After receiving the stipulation from Katz, attorney Warner made two changes. In the second paragraph 2 of the stipulation, Warner added the phrase "without waiving any right to contest the validity of the suspension or length thereof." Warner also changed the word "are" in paragraph three to "were." He then signed the stipulation, and returned it to Katz on January 23 with the accompanying letter:

"Attached hereto find your Stipulation which I have signed. You will note that I have made a few corrections, which I don't think you will have any objection to, and if you do, please call me.

Also, I spoke with Jim Nash [attorney for the Board] and he suggested that you, myself and Mr. Finin in an executive session sit down a week from this Wednesday, that is January 30, 1980, in a more or less informal executive session and see if we can hash out some disposition of this matter."

Because of attorney Warner's modification of the stipulation, it was never filed with the Board. A revised stipulation was drafted by attorney Katz and submitted for Warner's approval, but this stipulation was neither signed nor filed.[1] No hearing was held on January 28.

On February 6, one of the Board's members resigned. The Board, as

---

[1] The revised stipulation was virtually identical to the original stipulation, the only change was in the second paragraph 2, which in the revised stipulation provided:

"That Leo A. Finin agrees that his suspension shall remain in full force and effect pending the outcome of the hearing on said charges without waiving any right to contest the validity of the suspension or length thereof. However, notwithstanding any other statement contained herein, Leo A. Finin stipulates and agrees that in the event said officer is to be retained in his position as a result of a decision of the Board following a hearing on the cause, then no compensation shall be paid to said officer during the period of said continuance."

reconstituted, reissued the charges against Finin, and set a new hearing date of February 19. Prior to the hearing, Warner filed a motion to dismiss on Finin's behalf, alleging, *inter alia*, that the hearing on the charges against plaintiff had not been commenced within thirty days of their filing as required by section 10—2.1—17 of the Illinois Municipal Code. After hearing arguments of counsel, the cause was continued. The Board subsequently denied Finin's motion, and set the hearing date for February 29. Although Finin was given notice of the new hearing date, neither he nor his counsel was present when the Board convened on February 29. As a result, the matter was again continued to March 11. On that day the hearing began, with attorney Samuel McHard of the Rock Island law firm of Katz, McAndrews, Durkee & Telleen appearing as special prosecutor, and attorney James Nash representing the Board. The hearing concluded on March 15.

■■ On April 3, 1980, the Board handed down its decision discharging Finin from employment as a Kewanee police officer. A complaint for judicial review of the Board's decision under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, pars. 264-279) was timely filed. Following a hearing in the circuit court of Henry County, the decision of the Board was affirmed, and this appeal taken.

Section 10—2.1—17 of the Illinois Municipal Code, which governs the procedure for the removal or discharge of municipal police officers and fire fighters, provides that after a board of fire and police commissioners files charges, it "shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). It is the plaintiff's contention that the failure of the Kewanee Board of Fire and Police Commissioners to hold a hearing within 30 days of the filing of the charges against him on January 8, 1980, violated this mandatory statutory provision. (See *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 403 N.E.2d 1062.) We believe, however, that on the basis of the record before us the delay in commencing the hearing was not attributable to the Board, but rather occasioned by the plaintiff. The hearing on the charges filed against Finin was originally set for January 28, 1980, well within the 30-day statutory period. The first proposed stipulation, which Finin's attorney signed and returned to attorney Katz (albeit in a modified form), provided that the matter was being reset for February 12 for the sole reason that the defendant (plaintiff on appeal) required a continuance. The proposed stipulation further provided that plaintiff was waiving the 30-day requirement. As seen in attorney Warner's correspondence to attorney Katz on January 23, plaintiff found neither of these two statements to be objectionable. Indeed, the only reason why no stipulation was ever filed with the

Board was because a disagreement arose between the plaintiff and the Board as to a matter unrelated to a continuance. The plaintiff's request for, and express acquiesence in, a continuance beyond the 30-day period provided by statute negates any contention that the Board was dilatory, particularly in light of the fact that the Board scheduled the hearing for a date not more than 20 days after charges were filed. As was aptly stated in *Norek v. Herold* (1975), 31 Ill. App. 3d 514, 520, 334 N.E.2d 220, 225, "If plaintiff was responsible for the initial delay causing the commencement of the hearing to occur more than 30 days after the filing of charges he cannot now be heard to complain that his hearing did not begin within the prescribed statutory period." (See *Brown v. Sexner* (1980), 85 Ill. App. 3d 139, 405 N.E.2d 1082; compare *Bridges v. Board of Fire and Police Commissioners* (1980), 83 Ill. App. 3d 190, 403 N.E.2d 1062; *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 365 N.E.2d 544.) Accordingly, we find plaintiff's first assignment of error to be without merit.

■■ Similarly without merit is plaintiff's second contention that the Board illegally acted both as prosecutor and judge, thereby depriving him of a fair and impartial hearing. The procedure followed in this case, whereby one attorney acts as prosecutor and another represents the Board in an advisory capacity, has been sanctioned in a number of previous cases and found not to result in a due process violation. *Westby v. Board of Fire and Police Commissioners* (1977), 48 Ill. App. 3d 388, 362 N.E.2d 1098; *Mank v. Board of Fire and Police Commissioners* (1972), 7 Ill. App. 3d 478, 288 N.E.2d 49; see *Flynn v. Board of Fire and Police Commissioners* (1975), 33 Ill. App. 3d 394, 342 N.E.2d 298; *Rizzo v. Board of Fire and Police Commissioners* (1970), 131 Ill. App. 2d 229, 267 N.E.2d 7; compare *Phillips v. Board of Fire and Police Commissioners* (1974), 24 Ill. App. 3d 242, 320 N.E.2d 355; *Gigger v. Board of Fire and Police Commissioners* (1960), 23 Ill. App. 2d 433, 163 N.E.2d 541.

The judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.