# Illinois Official Reports

## Appellate Court

*Lopez v. Board of Fire & Police Commissioners*, 2016 IL App (3d) 150520

| | |
|---|---|
| Appellate Court Caption | SALVADOR LOPEZ, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF BARTONVILLE, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-15-0520 |
| Filed | July 19, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 14-MR-628; the Hon. James A. Mack, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Daniel Dykstra, of Policemen's Benevolent Labor Committee, of Springfield, for appellant.<br><br>Janaki Nair and Lauren Christmas, both of Elias, Meginnes & Seghetti, PC, of Peoria, for appellee. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice Wright dissented, with opinion. |

**OPINION**

¶ 1        Plaintiff, Salvador Lopez, appeals from the order of the trial court granting the motion for summary judgment filed by defendant, the Board of Fire and Police Commissioners of the Village of Bartonville (the Board). Specifically, plaintiff challenges the trial court's finding that the delay in commencing his termination hearing was attributable to plaintiff. We affirm.

¶ 2                                FACTS

¶ 3        On August 18, 2014, the Bartonville chief of police filed administrative disciplinary charges against plaintiff, seeking the termination of plaintiff's employment as a police officer for the Village of Bartonville. On August 28, 2014, counsel for the Board spoke with plaintiff's counsel on the telephone. Counsel for the Board proposed that a hearing on the termination take place between September 2 and 5, 2014. Counsel for plaintiff stated that those dates did not work, as they did not give counsel enough time to prepare.

¶ 4        On September 2, 2014, the Board's counsel sent an email to counsel for plaintiff stating the next available hearing date was September 25, 2014. Plaintiff's counsel responded that same day suggesting the hearing instead be set for October 3 or 10, 2014. On September 3, 2014, counsel for the Board confirmed the hearing would be set for October 3, 2014. The hearing occurred on October 3, 2014.

¶ 5        Plaintiff filed a complaint in the instant case on September 29, 2014, arguing that the Board was divested of jurisdiction over the charges as the hearing set by the Board was more than 30 days after the charges were filed. The Board filed an answer, alleging the hearing was set more than 30 days after the filing of the charges at plaintiff's request, and therefore, the Board did not lose jurisdiction.

¶ 6        Both parties filed motions for summary judgment in January 2015, and the trial court granted the Board's motion for summary judgment and denied plaintiff's motion. Plaintiff filed a postjudgment motion to vacate the judgment. The court denied the motion stating, "the Court finds that the delay in commencement of the hearing was attributable to the Plaintiff."

¶ 7                               ANALYSIS

¶ 8        On appeal, plaintiff argues the Board lost jurisdiction over the administrative disciplinary charges due to the Board's failure to commence a hearing on the charges within 30 days of the filing of the complaint. We disagree.

¶ 9        Section 10-2.1-17 of the board of fire and police commissioners act (Act) states:

           "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. The hearing shall be as hereinafter provided ***. ***

               *** The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." 65 ILCS 5/10-2.1-17 (West 2014).

¶ 10       "The statutory 30-day time limit to commence a hearing as provided in section 10-2.1-17 of the Illinois Municipal Code is mandatory, and a failure of the Board to commence a hearing within that time period causes the Board to lose jurisdiction of the case." *Carrigan v. Board of*

*Fire & Police Commissioners*, 121 Ill. App. 3d 303, 307 (1984). Where the delay in commencing the hearing is attributable to the plaintiff, however, the statute is not violated. *Id.* at 308 (citing *Riggins v. Board of Fire & Police Commissioners*, 107 Ill. App. 3d 126, 129-30 (1982), and *Finin v. Board of Fire & Police Commissioners*, 98 Ill. App. 3d 879, 882-83 (1981)). A delay has been found to be attributable to the plaintiff in multiple circumstances, including "where the plaintiff has made a voluminous discovery request [citation], or where the plaintiff requests a continuance [citation]." *Kvidera v. Board of Fire & Police Commissioners*, 192 Ill. App. 3d 950, 957 (1989) (citing *Riggins*, 107 Ill. App. 3d at 129, and *Massingale v. Police Board*, 140 Ill. App. 3d 378, 381 (1986)). "[R]egardless of the exact cause, the relevant inquiry is whether the delay was the result of the plaintiff's behavior or, in the alternative, whether it was attributable to the Board." *Id.* After the initial delay in setting the hearing is caused by the plaintiff, the statute does not say when the next hearing date must be set, but "[t]he Board must retain some control and flexibility over the scheduling of hearings once the 30-day mandate is waived by plaintiff's actions." *Id.* at 957-58.

¶ 11   Here, the Board's counsel proposed that the hearing take place between September 2 and 5, giving plaintiff and his counsel multiple dates for the hearing, all within 30 days of the filing of the charges. Counsel for plaintiff responded that those dates did not give him enough time to prepare. The next available hearing date was September 25, which plaintiff's counsel vetoed and suggested a hearing be set for October 3 or 10, 2014. The Board set the hearing for October 3.

¶ 12   Any delay here was attributable to plaintiff. Plaintiff's counsel asked for more time to prepare for the hearing, and the hearing was set for the date that worked best for him, even though it was outside of the 30-day limitation period. Plaintiff cannot use his own actions to delay the hearing beyond the 30-day period. See *Norek v. Herold*, 31 Ill. App. 3d 514, 520 (1975) ("If plaintiff was responsible for the initial delay causing the commencement of the hearing to occur more than 30 days after the filing of charges he cannot now be heard to complain that his hearing did not begin within the prescribed statutory period."). Since the delay is attributable to plaintiff, the Board was not divested of jurisdiction.

¶ 13   We agree with the analysis in *Carrigan*, 121 Ill. App. 3d at 307-08. There the plaintiff appeared at a hearing that had been scheduled within the 30-day time limit but requested a continuance before the hearing began. *Id.* The court held that "the delay in the commencement of the hearing beyond the statutory 30-day period was attributable to plaintiff and the Board did not lose jurisdiction under these circumstances." *Id.* at 308.

¶ 14   Plaintiff argues that *Carrigan* is distinguishable because the parties there appeared at a scheduled hearing date within the 30-day window, and the parties here did not. However, section 10-2.1-17 does not state that the hearing must only be *scheduled* within the time frame, but that it must be *commenced*. See 65 ILCS 5/10-2.1-17 (West 2014). Whether a hearing has been scheduled is a distinction without consequence, as it is the "commencement" of the hearing that is pertinent. *Id.*; *Carrigan*, 121 Ill. App. 3d at 308; see also *Riggins*, 107 Ill. App. 3d at 129. *Carrigan* held that the Board did not commence the hearing within the time frame and that the delay in commencing the hearing was attributable to the plaintiff. *Carrigan*, 121 Ill. App. 3d at 308.

¶ 15   Plaintiff relies on *Bridges v. Board of Fire & Police Commissioners*, 83 Ill. App. 3d 190 (1980), for the proposition that the hearing must first commence within the 30-day time period before the delay may be attributable to plaintiff. In *Bridges*, the plaintiff and defendant

appeared at a scheduled hearing, but the city attorney forgot to get a court reporter, so the hearing was rescheduled and held outside of the 30-day period. *Id.* at 193. The court held that the rescheduling before the hearing began did not constitute a commencement of the hearing within the 30-day period; therefore, the trial court lost jurisdiction. *Id.* at 194-95. The delay in that case, however, was not caused by the plaintiff but by the city attorney. *Bridges* is distinguishable.

¶ 16        Finally, plaintiff argues that the Board should have scheduled a hearing, provided notice to the parties, and then "should have required either physical presence at the commencement of the hearing prior to the continuance, or a properly filed request for a continuance" as opposed to working with plaintiff over the phone and through email to find an acceptable date and then providing notice of the hearing. Plaintiff cites the Board's "Rules and Regulations" requiring the time of the hearing to be set by the Board and notice to be sent. Chapter 6, section 2(c), of the Board's Rules and Regulations states, in part:

> "Upon the filing of a complaint in quintuple with the Secretary of the Board, and the determination by the Board of proper cause for entertaining said complaint, the Secretary of the Board shall notify both the complainant and the respondent, either by registered or certified mail, return receipt requested, or personally, of the time and place of the hearing of the charges contained in the Complaint."

This section requires the Board to set the date of the hearing and provide notice; it does not prohibit agreements to continue by attorneys representing the parties.

¶ 17                                      CONCLUSION

¶ 18        The judgment of the circuit court of Peoria County is affirmed.

¶ 19        Affirmed.

¶ 20        JUSTICE WRIGHT, dissenting.

¶ 21        I respectfully dissent. The Act requires all fire and police commissioner boards to make their own rules to carry out the purpose of the statute. 65 ILCS 5/10-2.1-5 (West 2014). Administrative agencies have wide latitude in adopting such rules and regulations that are reasonably necessary to perform their duties. The case law provides that "[a]dministrative regulations have the force and effect of law and are interpreted with the same canons as statutes." *Hartney Fuel Oil Co. v. Hamer*, 2013 IL 115130, ¶ 38. Here, the Board has adopted its own set of rules and regulations as discussed below.

¶ 22        Chapter 6, section 2(c), of the Board's rules provide, in part:

> "Upon the filing of a complaint in quintuple with the Secretary of the Board, and the determination by the Board of proper cause for entertaining said complaint, the Secretary of the Board shall notify both the complainant and the respondent, either by registered or certified mail, return receipt requested, or personally, of the time and place of the hearing of the charges contained in the Complaint."

Section 10 further states, in pertinent part:

> "The time for the hearing of charges shall be set by the Board, within thirty (30) days of the time of the filing of such charges. Continuances may be granted from time to time upon motion of any party to the proceeding by order of the Board."

¶ 23    In my view, the plain language of the Board's rules and regulations requires the Board to first schedule the hearing date to take place within 30 days of the date the charges were filed. Once scheduled, within 30 days, the hearing could be continued "by order of the Board" upon motion of either party.

¶ 24    Here, October 3, 2014, was the first date scheduled by the Board. This hearing was not continued *by order of the Board* from a previously scheduled date that fell within the 30-day jurisdictional window. I compare this to a speedy trial deadline in criminal cases. If the criminal trial is not commenced within the requisite procedural window, the procedural noncompliance is fatal.

¶ 25    Procedural gamesmanship may have been at play in this case but could have easily been avoided by the Board's counsel. For example, counsel for the Board could have instructed the Board to first schedule the hearing date within the first 30 days. Thereafter, either party could request more time or both parties together could submit an agreed order for the Board's approval.

¶ 26    I agree with the majority's view that cooperative agreements between the attorneys are to be encouraged. However, such agreements must be presented to the Board for approval by Board order before the 30-day window closes. For these reasons, I respectfully dissent and would reverse the trial court's determination that the Board retained jurisdiction in this case.