MARY LEE McREYNOLDS, Plaintiff-Appellee, *v.* THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

(No. 58731;

First District (5th Division)—April 11, 1974.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellants.

Richard F. McPartlin, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff filed a complaint under the provisions of the Administrative Review Act to review the finding of discharge by the Civil Service Commission. The circuit court reversed the Civil Service Commission on the basis that the Commission lost jurisdiction of the case by failing to hold a hearing within 30 days after the date notice was received from plaintiff requesting a hearing. Defendants appeal arguing that the 30-day requirement is directory only.

Plaintiff was suspended without pay as an employee of the Department of Mental Health of the State of Illinois on January 11, 1972. A notice of discharge was served on plaintiff by registered mail on January 26, 1972. A written request by plaintiff for a hearing was received by the Civil Service Commission on February 2, 1972, and a hearing was scheduled for March 21, 1972. The hearing was continued, at defendants' request, to March 29, 1972. After the hearing, the hearing officer's recommendation that plaintiff be discharged as an employee of the State of Illinois was adopted by the Civil Service Commission. Plaintiff's motion before the hearing officer to dismiss the charges because the hearing was scheduled beyond the 30-day limit was denied. It is admitted that the hearing was scheduled and held 47 days after plaintiff requested it.

The sole question in this case involves the construction to be given to section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111), which provides:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who shall have been appointed under the rules and after examination, shall be removed or discharged, demoted, or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes

written request to the Commission within fifteen days after the serving of the written charges upon him. *Upon the filing of such a request for a hearing, the Commission shall grant a hearing within thirty days.* The time and place of the hearing shall be fixed by the Commission, and due notice thereof given the appointing officer and the employee. The hearing shall be public, and the officer or employee shall be entitled to call witnesses in his own defense and to have the aid of counsel. The finding and decision of the Commission or officer or board appointed by it to conduct such investigation, when approved by said Commission, shall be certified to the Director, and shall be forthwith enforced by the Director. In making its finding and decision, or in approving the finding and decision of some officer or board appointed by it to conduct such investigation the Civil Service Commission may, for disciplinary purposes, suspend an employee for a period of time not to exceed 90 days, and in no event to exceed a period of 120 days from the date of any suspension of said employee, pending investigation of such charges. If the Commission certifies a decision that an officer or employee is to be retained in his position and if it does not order a suspension for disciplinary purposes, the officer or employee shall receive full compensation for any period during which he was suspended pending the investigation of the charges.

Nothing in this Section shall limit the authority to suspend an employee for a reasonable period not exceeding 30 days." (Emphasis supplied.)

The precise question for our determination is whether the word "shall," found in the emphasized phrase above, should be given a mandatory or directory construction.

OPINION

■■ In arguing the issue before us, both parties have cited and discussed certain general rules of statutory construction. There is no universal rule which will differentiate between mandatory and directory provisions of a statute. (*Zbinden v. Bond County Community Unit School District No. 2,* 2 Ill.2d 232, 117 N.E.2d 765; *People ex rel. Milburn v. Huston,* 267 Ill.App. 395.) The court must look to the legislative intent (*Teece v. Boyle,* 345 Ill.App. 88, 102 N.E.2d 347.) and to the other provisions in the act; the objects of the provisions in question must be taken under consideration; and the language used in the act must also be scrutinized. (*Lawton v. Sweitzer,* 354 Ill. 620, 188 N.E. 811.) Although it has been decided that the word "shall" has no exclusive, fixed or inviolate connota-

tion (*Cooper v. Hinrichs*, 10 Ill.2d 269, 140 N.E.2d 293.) words found in a statute should be given their ordinary and usual meaning. *La Salle National Bank v. Village of Burr Ridge*, 81 Ill.App.2d 209, 225 N.E.2d 33. ■■ In *People v. Jennings*, 3 Ill.2d 125, 127, 119 N.E.2d 781, the supreme court, when faced with an issue of statutory construction, cited language from *French v. Edwards*, 80 U.S. (13 Wall.) 506, 20 L.Ed. 702, which quotation is particularly appropriate to the instant case:

> " 'There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise.' "

The expressed purpose of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b101 *et seq.*) is to establish a system based on merit principles and scientific methods. (Ill. Rev. Stat. 1971, ch. 127, par. 63b102.) In furtherance of this purpose and to insure better qualified public employees, it was deemed necessary to give employees certain procedural protections when they were being considered for discharge, demotion or suspension. Defendants admit in their brief that the object of this statute is to provide a timely hearing and a speedy adjudication of disciplinary charges. They concede that it "would be unfair to keep a suspended employee in limbo pending a disciplinary hearing," and we think it obvious that the statute also insures that unqualified employees or employees who should be discharged for just cause should be separated from public service as quickly as possible so that the State will not suffer from their continued retention.

Section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111), serves to effectuate the above stated goals. It provides, *inter alia,* for notice, written charges, a public hearing, the right to call wit-

nesses and for the aid of counsel. This section also sets up certain time limitations which insure not only fairness to the employee but serve to prevent the employee from suffering monetary injury.

In analyzing how these time limitations protect the employee, we think it important to keep in mind that there should be as short a period as possible in which an employee's status is uncertain. Not only will this serve to guard against any undue anxiety being placed on the employee, but it will enable the employee to formulate plans for the future. Beyond these more elusive types of considerations, an employee derives certain direct pecuniary protections from the statute. Upon receipt of the approved charges for discharge, or on the effective date thereof, if the discharge is for disciplinary purposes, all benefits and salaries of the employee are terminated. Therefore, during the subsequent period of appeal to the Commission and later for judicial review, the employee will be deprived of any income. If the employee's discharge was warranted, no claim will be allowed for back salary for any period after the 30-day suspension period. (*People ex rel. Cotter v. Conlisk*, 17 Ill.App.3d 346, 308 N.E.2d 1.) Therefore, in order for an employee to begin earning a livelihood again, he should be informed as soon as possible if he has to seek other employment. If on the other hand the discharge is found to be unwarranted and the employee seeks back salary, the State will still be able to allege certain defenses and set-offs, among which are mitigation of damages by subtracting income the employee received from outside work and payments to a de facto employee. (*People ex rel. Hilger v. Myers*, 114 Ill.App.2d 478, 252 N.E.2d 924; *People ex rel. Trapp v. Tanner*, 10 Ill.App.2d 155, 133 N.E.2d 526.) Thus, by setting a time limitation, possible monetary injury to the employee is held to a minimum.

■■ The language of the statute also lends itself to a mandatory construction. The word "shall" ordinarily connotes a command. "Shall" is used in several other sentences of the Act where procedural due process requirements, such as the holding of a public hearing, are mandated. A word used several times in a statute is presumed to have the same meaning. (*Lawton v. Sweitzer*, 354 Ill. 620, 188 N.E. 811.) Later on in the statute the legislature used the word "may" when defining the period of time the Commission may suspend an employee for disciplinary purposes. This word with its usual directory connotation could have been but was not used with regard to the time for a hearing.

Defendants argue that the recent amendment to the statute, which did not become effective until May 27, 1972, demonstrates that a directory meaning was intended. The amendment added the phrase:

"The finding and decision of the Commission, or the approval by

the Commission of the finding and decision of the officer or board appointed by it to conduct such investigation, shall be rendered within 60 days after the receipt of the transcript of the proceedings. If the finding and decision is not rendered within 60 days after receipt of the transcript of the proceedings, the employee shall be considered to be reinstated and shall receive full compensation for the period for which he was suspended." (Ill. Rev. Stat. 1971, ch. 127, par. 63b111.)

Defendants contend that this amendment which sets out the consequences if a decision is not rendered within 60 days indicates an intention by the legislature that the 30-day period within which to hold a hearing be directory. It is our view that this amendment rather than supporting defendants' theory supports the conclusion that a mandatory construction was intended. Before the amendment there existed a loophole in the time frame intended by the legislature. In other words, instead of an employee being able to determine his status without undue delay, the Commission could delay this determination for an unspecified amount of time. Now, with the amendment, this situation is no longer possible.

Finally, defendants argue that *Horan v. Foley*, 39 Ill.App.2d 458, 188 N.E.2d 877, is direct precedent that the 30-day period is directory only. In *Horan* the hearing was originally scheduled 31 days after the date of suspension although the statute specified a 30-day period. Before the 30-day period had elapsed, the Commission rescheduled the hearing for a date within the 30-day period. The court found that there was no prejudice by the rescheduling, and since the hearing was rescheduled to be held within the 30-day period, the Commission did not lose its jurisdiction. The court in *Horan* never was asked to determine the question now before us, and we therefore cannot deem it controlling. We have found that a similar type of time limitation has been construed as mandatory. *Johnkol, Inc. v. License Appeal Com.*, 42 Ill.2d 377, 247 N.E.2d 901.

■■ Reading the statute as a whole, and taking into consideration the general purpose of the Act, the object of the specific provision in question, the language of the statute, and the consequences of the different possible constructions, we find that a disregard of this requirement could be detrimental to an employee, and that the legislature intended the 30-day period to be a mandatory requirement. The judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.