WILLIAM E. A. RIGGINS, Plaintiff-Appellee, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PEORIA, Defendant-Appellant.

Third District    No. 81-430

Opinion filed June 7, 1982.

Brian M. Nemenoff and David L. Thomas, both of Peoria, for appellant.

Robert H. Jones, Ltd., of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:
The superintendent of police of the Peoria Police Department filed charges with the Board of Fire and Police Commissioners of the City of Peoria against William E. A. Riggins, a police officer, on March 27, 1981, accusing him of five violations of police department regulations in connection with a pyramiding scheme that was under police investigation. For a hearing thereon the applicable provision of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17) states as follows:

"The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time."

A written notice to Riggins, dated April 2, 1981, informed him that a hearing on the charges had been set for April 23 and that he should file an answer to the charges no later than April 16. A copy of the charges accompanied the notice. On April 13 Riggins filed a request to produce a demand for a bill of particulars, both of which sought to obtain from the superintendent of police and other city officials very broad discovery, including all statements of witnesses, all reports of investigators, and all written material relating to the guilt of Riggins. On April 17 the city and the police superintendent filed a written response to these requests, stating that they were overly broad, that certain material had been made available to Riggins, and that other material might be made available, "but on a selected basis."

Riggins' attorney received a letter from the board which notified him "that a hearing on all pending preliminary matters will be held" before the board on April 22, 1981. This letter confirmed a previous telephone agreement between the city attorney and Riggins' attorney arranging for Riggins and his counsel to be present.

Riggins and his attorney appeared before the board on April 22, at which time the board considered the discovery requests and the response of the city and the superintendent. The board ordered the city to produce those items which were not "work product" and to disclose names and addresses of anyone who claimed to see Riggins doing one of the acts charged. However, reports made in connection with the investigation which involved other suspects were not required to be produced. The demand for a bill of particulars was also granted.

The city attorney indicated that he would need time to respond to the discovery orders and would need until May 4. The board then ruled that the hearing would be continued and would resume on May 20, 1981. Riggins' attorney objected to the continuance.

Throughout the entire hearing on April 22, Riggins took the position that this was not a hearing on the charges but rather was a preliminary inquiry into prehearing discovery requests. He insisted upon preserving his right to object on this basis although he did participate in the proceeding. The board stated its position that the proceeding was related to the charges against plaintiff and, therefore, constituted a hearing on the charges within the meaning of the statute.

Before the May 19 hearing, Riggins filed a complaint in the circuit court of Peoria County for an injunction, alleging that the board had lost

jurisdiction of the cause because no hearing had been provided within 30 days after the charges were filed. A temporary injunction was issued, and subsequently the court ruled that the injunction should be made permanent. The board has appealed from that ruling.

■■■ The first contention of the board is that plaintiff should have been required to exhaust his administrative remedies by going forward with the hearing before the board and then seeking administrative review, rather than being permitted to seek an injunction before there was a final administrative ruling. Although the exhaustion doctrine has long been recognized in Illinois, it is not without limitation. Where an administrative agency's power to proceed is attacked on the ground that the agency lacks jurisdiction, the courts will entertain a complaint for injunction. (*Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877.) We are not persuaded that the rule in *Horan* is incorrect, and we conclude that it is applicable here to permit the circuit court to consider the complaint for injunction.

■■ The board next argues that the proceeding on April 22 amounted to a "hearing on the charges" within the meaning of the Illinois Municipal Code and therefore that the hearing commenced within the 30-day period as required by the statute. We have examined the record, and we find that a hearing on the charges did not begin on April 22. No discussion of the merits of the charges occurred, no arguments were made, and no witnesses were called. The proceedings most closely resembled a pretrial hearing on motions, and in fact were characterized by the board in the notice to Riggins' attorney as a hearing on "preliminary matters." Quite clearly, neither party sought to have the board consider the merits of the charges at the April 22 hearing. Counsel for the city indicated that he would need additional time to prepare the prehearing discovery ordered by the board. In our view the April 22 proceedings did not comply with the statutory requirement that Riggins be provided a hearing on the merits of the charges within 30 days.

■■ However, we think it clear that the hearing was delayed beyond the 30-day period solely because Riggins submitted a request for discovery which could not be furnished within the statutory period. The board had originally set a hearing date on the charges within the 30-day period and was forced to delay the commencement of the hearing because of Riggins' action. This court has recently held that where the delay was not attributable to the board but was occasioned by the plaintiff, the statute was not violated. (*Finin v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 879, 424 N.E.2d 976.) We find that the same rule applies here.

The trial court relied upon *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 403 N.E.2d 1062, where the

court held that the 30-day period was a mandatory requirement the violation of which caused the board to lose jurisdiction if a hearing was not commenced within the time period. The court in *Bridges* also ruled that a motion for a continuance at the beginning of the hearing was not a commencement of the hearing, and that to hold otherwise "would circumvent the language of the statute." (83 Ill. App. 3d 190, 195, 403 N.E.2d 1062, 1066.) The continuance in *Bridges* was clearly attributable to the city because the city attorney had forgotten to obtain a court reporter. Hence, *Bridges* involved a different situation than the case at bar.

Furthermore, we think it important that Riggins and others in his position not be permitted to defeat the legislative intent by delaying tactics and thereby evade charges of misconduct by causing the board to lose jurisdiction 30 days after the charges are filed. Riggins is, of course, entitled to "a timely hearing and a speedy adjudication of disciplinary charges" (*McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 1065, 311 N.E.2d 308, 310), and the 30-day period was established for that purpose. It thus resembles the 120-day rule in criminal cases, which entitles a defendant to a trial within 120 days of his arrest and confinement unless trial is delayed for a cause attributable to him. A discovery motion that necessitates postponement of trial has been held to be a delay attributable to the defendant. (*People v. Spicuzza* (1974), 57 Ill. 2d 152, 311 N.E.2d 112.) We believe fairness and logic require the same rule to be applied to the proceeding in this case.

We accordingly reverse the judgment of the circuit court of Peoria County and remand this cause for further proceedings.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.