MICHELLE MASSINGALE, Appellant, v. THE POLICE BOARD OF THE CITY OF CHICAGO *et al.*, Appellees.

First District (1st Division)   No. 84—2667

Opinion filed January 21, 1986.

Law Offices of Joseph V. Roddy, of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Philip L. Bronstein and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Michelle Massingale, a police officer for the city of Chicago, brought this action against the defendant, the police board of

the city of Chicago, for administrative review of a decision discharging plaintiff from service because of her plea of guilty to reckless driving of an automobile while off duty. The trial court affirmed the judgment. Plaintiff appeals, contending that (1) the police board lost jurisdiction to hear the charge against plaintiff because of inordinate delay before a hearing was held; and (2) the sanction of discharge was unduly harsh.

On September 16, 1981, the superintendent of police filed charges against plaintiff which included being intoxicated while off duty, driving in a car with two open bottles of alcohol, and giving false information during an official investigation. A hearing in the matter was set for September 24, 1981. At that time the police board convened and plaintiff advised the board that she planned to be represented by counsel, but had not yet retained an attorney. The hearing was continued to October 27, 1981. On that date, plaintiff advised the police board that she had retained an attorney but needed more time to prepare for the hearing. A continuance was again granted and additional continuances were granted plaintiff through May 1982. In May 1982, a motion to dismiss was filed by plaintiff. The motion was denied by the board in December 1982. Thereafter, at numerous dates set for the hearing from March 1983 through September 1983, plaintiff answered ready and demanded a hearing, but defendant sought and was granted a continuance. A hearing on the charges was finally held on September 29, 1983, and the plea agreement of plaintiff of reckless driving was admitted into evidence. A finding of guilt was entered on the charges.

The record of the hearing reveals the following facts. Donald Trent, an Illinois State police officer, testified that on May 29, 1981, he was traveling northbound on Interstate Highway 55 near Pontiac. He observed plaintiff's car proceeding southbound weaving from lane to lane. He made a U-turn to follow the auto and observed the vehicle go off the road, onto the shoulder, and run over two delineator posts approximately 3 to 3½ feet tall. He curbed the automobile and noted that as the plaintiff, the driver, exited the car, she appeared to have trouble maintaining her balance. There were two male passengers with plaintiff in the vehicle. Plaintiff told Officer Trent that she was a police officer and was on her way to Jacksonville to pick up her deaf son from school. Officer Trent detected a strong odor of alcohol on plaintiff's breath. He noticed a beer bottle with the cap removed lying on the hump in the center of the car. He also found a bottle of alcohol in an open cardboard box on the rear floor of the car. Officer Trent issued plaintiff a citation for driving under the influence of alcohol.

Officer Trent further testified that he found miscellaneous bottles, caps, candles, pins, silver wire and white cotton balls in the car.

Plaintiff testified that she had been a member of the Chicago police department for seven years. She is the mother and sole support of three children. She regularly traveled to Jacksonville, to drop off and pick up her son who attended the Jacksonville School for the Deaf. She had been stopped twice before by Officer Trent for driving too fast, but on those occasions he had not issued her a citation. She stated that she had pleaded guilty to a charge of reckless driving as a result of the incident on May 29, 1981, and pursuant to that plea she attended Alcoholics Anonymous and paid a $300 fine.

Plaintiff initially argues that the police board did not have jurisdiction to conduct the proceedings against her because it did not grant her a hearing within 30 days of her demand for one. Plaintiff relies on section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17), which provides that the police board is to conduct a hearing of charges within 30 days of their filing. We note that plaintiff's reliance on this statute is misplaced since it is limited in its application to cities with a population under 500,000. Discharges of police officers in the city of Chicago, with a population exceeding 500,000, are governed by section 10—1—18.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—1—18.1). An examination of this statute reveals that a hearing is required, but there is no jurisdictional requirement that a hearing be held within 30 days of either the filing of charges or a demand for a hearing.

Plaintiff also relies on section 1—E of the Rules and Regulations of the Chicago police department. That rule provides:

> "The initial hearing for each case will be at the regularly scheduled monthly calendar call of the Police Board, which in no event shall occur less than five (5) days nor more than thirty (30) days after the respondent is personally served with the charges ***." Rules and Regulations City of Chicago Department of Police, Section 1—E, effective November 1, 1975.

In the instant case, the police board scheduled a hearing for September 24, 1981, which was within 30 days of the date that plaintiff was served with the charges. On that date, plaintiff advised the board that she had not yet retained an attorney and the hearing was continued to a subsequent date where plaintiff again requested a continuance. Thereafter, several continuances were granted at plaintiff's request. We conclude, on the basis of the record, that the police board did not lose jurisdiction of this matter. A hearing was scheduled within the initial 30-day period and the subsequent delay beyond that

time period was initially due to continuances requested by plaintiff.

We find the authorities cited by plaintiff are inapposite. In *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 437 N.E.2d 327, the court dealt with the statutory construction of section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17), involving municipalities with populations under 500,000. We note, however, that the analysis adopted in *Riggins* supports the police board's position here. The *Riggins* court held that where a hearing is scheduled within the initial 30-day statutory period and the plaintiff acquiesces in or requests a continuance beyond the 30-day period, the Board does not lose jurisdiction. (See also *Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 459 N.E.2d 659; *Finin v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 879, 424 N.E.2d 976.) Plaintiff also cites *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308, which is inapplicable to the facts of the instant case since it interprets the statutory hearing requirements in disciplinary actions for State of Illinois employees.

Plaintiff also contends that discharge from her position as a police officer was an improper sanction on the basis of her plea to a charge of reckless driving while she was off duty. Review of an administrative agency's decision is a two-step process. First, the court must determine whether the agency's finding of guilt is contrary to the manifest weight of the evidence; and second, the court must determine whether the findings of fact constitute a sufficient basis for the conclusion that cause for discharge exists. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) In the case at bar, plaintiff does not contend that the findings of the police board were against the manifest weight of the evidence. Rather, the plaintiff argues that there was insufficient misconduct to justify the decision of discharge.

■ A public employee in Illinois can only be discharged for "cause." "Cause" has been construed to mean some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service in which the law and sound public opinion recognizes good cause for her no longer holding the position. (*Coursey v. Board of Fire & Police Commissioners* (1967), 90 Ill. App. 2d 31, 234 N.E.2d 339.) Unlike the board's findings of fact, determinations of "cause" are subject to judicial review to determine if the charges brought are unreasonable or arbitrary. *Christenson v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 472, 404 N.E.2d 339.

■■ We are mindful of the need for proper departmental discipline in a police force. We are also fully aware that the off-duty conduct of law enforcement officers is subject to reasonable regulations and can serve as a cause for discharge. (*Kirsch v. Rochford* (1977), 55 Ill. App. 3d 1042, 371 N.E.2d 899; *Davenport v. Board of Fire & Police Commissioners* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212.) However, upon review of the entire record here, we believe the maximum sanction of discharge imposed on plaintiff was unwarranted. In *Kirsch*, this court held that the discharge of a police officer was too severe a penalty where the court found that three violations of the rules of the police department were supported by the evidence. The findings were that Kirsch was intoxicated while on duty, that he created a disturbance by his drunken conduct at an airport and that he failed to take any alcoholic test.

The record establishes that plaintiff was intoxicated while driving her automobile, her only violation of the rules and regulations of the police department. We note that the plaintiff had been a member of the police department for seven years and that she was not on duty at the time of the incident. The loss of a job is both a harsh discipline and a serious deprivation to impose on plaintiff. While we do not find that the charges were unreasonable or arbitrary, we believe that the matter must be remanded so that the board can consider an alternative sanction to that of discharge.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed in part, reversed in part, and the cause is remanded to the police board for reconsideration consistent with the views expressed herein.

Affirmed in part, reversed in part and remanded.

BUCKLEY, P.J., and QUINLAN, J., concur.