SYLVIA PEREZ, Plaintiff-Appellee, v. THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

First District (4th Division)   No. 86—0004

Opinion filed February 11, 1987.—Rehearing denied March 30, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Imelda R. Terrazino, Assistant Attorney General, of Chicago, of counsel), for appellants.

Alan Rhine, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

The Illinois Civil Service Commission (the Commission) and the Department of Registration and Education (the Department) bring this appeal seeking reversal of a trial court's ruling that the Commission lost jurisdiction and could not, as a result, conduct a hearing on the merits of plaintiff Sylvia Perez' discharge from employment. Perez had previously been discharged from her position with the Department for, *inter alia*, allegedly falsifying official time report documents. Following her discharge from the Department, Perez requested a hearing before the Commission.

Prior to the hearing, Perez made a discovery request for over 500 documents that were in the Department's possession. Several months

later, while the documents were still being gathered, Perez filed suit in the circuit court of Cook County asking the trial court to enjoin the Commission from continuing with Perez' discharge hearing. Perez claimed that the Department had failed to comply with her discovery request and that this failure resulted in her hearing being unreasonably delayed in violation of the Personnel Code (Code) (Ill. Rev. Stat. 1985, ch. 127, par. 63b101 *et seq.*).

Following a hearing on the matter, the trial court agreed with Perez that her rights under the Personnel Code had been violated and that as a result, the Commission's jurisdiction to hold a hearing on the merits of Perez' discharge was terminated. That being the case, the trial court barred the Commission from continuing with Perez' discharge hearing and ordered the Department to reinstate her with full back pay and benefits.

The Commission now appeals contending that the trial court erred in ruling that the Commission lost its jurisdiction to conduct a hearing on the merits of Perez' discharge.

We reverse the ruling of the trial court and remand this matter to the Commission for a hearing on the merits of Perez' discharge.

BACKGROUND

Plaintiff, Sylvia Perez, was employed by the Department as a certified licensing investigator from August 1975 until June 29, 1984. On June 29, 1984, Perez was suspended for, *inter alia*, allegedly falsifying official time report documents and for violating time limitations for completing reports.

On August 3, 1984, Perez filed a request with the Commission seeking a hearing on the merits of her discharge. A hearing date was set for August 21, 1984. On August 10, 1984, however, Perez filed a discovery request with the Department. The discovery request asked for over 500 documents and sought interviews with six employees of the Department. In addition, however, Perez requested that the August 21, 1984, hearing be continued to a future date.

The Department objected to the continuance. Nevertheless, the Commission granted Perez' request and continued the hearing to October 17, 1984. Subsequently, pursuant to the Department's request, the hearing was continued to January 15, 1985. The Department asked for the continuance in order to fully comply with Perez' previous discovery request.

By agreement of both parties, the hearing was again continued to March 13, 1985. Prior to that date, on March 11, 1985, however, Perez filed a motion to dismiss with the Commission. In her motion, Perez

claimed that the Department had failed to comply with her discovery request within a reasonable period of time and that this justified the dismissal of the Department's case against Perez.

A hearing on Perez' motion to dismiss was held before a hearing officer on March 13, 1985. Soon thereafter, on April 11, 1985, the Department notified Perez that all of the documents she had previously requested were now available for her inspection.

On May 6, 1985, the hearing officer determined in a written memorandum that the Department had not been diligent in complying with Perez' discovery request. The hearing officer also recommended that Perez' motion to dismiss be granted.

Both parties thereafter filed briefs with the Commission regarding the Hearing Officer's recommended decision. On May 15, 1985, the Commission entered a decision rejecting the hearing officer's recommendation. The Commission determined that Perez' leaving had not been unreasonably delayed. In addition, the Commission ordered that a full hearing on the merits of Perez' discharge be held on June 14, 1985.

On May 23, 1985, Perez filed this lawsuit in the trial court. Perez sought: (1) a preliminary injunction barring the Department and the Commission from holding the June 14, 1985, hearing on the merits of her discharge; (2) a determination that the Commission was without jurisdiction to proceed with the discharge hearing; and (3) an order reinstating Perez to her former position with full back pay and benefits.

However, on May 28, 1985, while her civil lawsuit was still pending, Perez filed a motion with the Commission requesting the Commission to continue the hearing set for June 14, 1985, to a later date.

On July 1, 1985, the trial court entered an order finding: (1) that the Department's failure to comply with Perez' discovery request had unreasonably delayed Perez' hearing before the Commission in violation of the Personnel Code; (2) that as a result, the Commission was without jurisdiction to hold Perez' hearing; (3) that the Commission, in not accepting the hearing officer's recommendation (to dismiss the charges against Perez), had acted arbitrarily and without justification; and (4) that Perez should be reinstated with full back pay and benefits.

The Commission now appeals claiming that the trial court erred in ruling that the Commission had lost its jurisdiction to conduct a hearing on the merits of Perez' discharge.

OPINION

I

■ The determinative issue in this appeal is whether, under the

facts present in the case at bar, the Commission complied with the Personnel Code (Ill. Rev. Stat. 1985, ch. 127, par. 63b111.) As a court of review, our function is to determine whether the Commission's decision (that Perez' hearing was not unreasonably delayed) was contrary to the manifest weight of the evidence. *Crittenden v. Board of Fire & Police Commissioners* (1985), 139 Ill. App. 3d 154, 487 N.E.2d 115.

The relevant portion of the Personnel Code provides:

"No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed, discharged or demoted, or to be suspended for a period of more than 30 days, in any 12 month period, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him. Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days." Ill. Rev. Stat. 1985, ch. 27, par. 63b111.

■ The purpose of the Personnel Code is to establish a system of personnel administration based on merit. (*Ragano v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 523, 400 N.E.2d 97.) Consistent with this purpose, employees governed by the Code possess certain procedural protections when they are being considered for discharge, demotion, or suspension. (*McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.) The right to a hearing following an employee's suspension is one of those procedural protections.

■ The Code's provisions reveal an attempt to balance the interests of the employee (in being free from suffering monetary injury) with the interests of the State (in removing unproductive employees). (See *Ragano v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 523, 400 N.E.2d 97; *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308.) The interests of the employee as well as those of the State are best served when the uncertain status of the employee remains as short a period as possible. (18 Ill. App. 3d 1062, 1066, 311 N.E.2d 308.) To this end, the employee is given a statutory right to have a hearing before the Commission within 30 days of filing his request. Ill. Rev. Stat. 1985, ch. 127, par. 63b111.

■ An employee's right to a hearing within 30 days of requesting one cannot, however, be construed as being totally unqualified. (*Holliday v. Civil Service Com.* (1984), 121 Ill. App. 3d 763, 460 N.E.2d 358.) In *Holliday*, for example, an employee requested a hearing pursuant to the Personnel Code. Before that hearing commenced, however, the em-

ployee filed a voluminous discovery request with his employer. Subsequently, at the scheduled hearing, the employer informed the Commission that it had not yet been able to gather all of the information requested by the employee and asked for a continuance.

The Commission granted the continuance and rescheduled the employee's hearing. The rescheduled date, however, was more than 30 days after the employee had filed his request for a hearing. Because of the delay, the employee filed a civil suit claiming that his rights under the Personnel Code had been violated.

The *Holiday* court found that because the delay in the hearing was caused by the employee's discovery request, the employee's statutory rights were not infringed. The court determined that an employee has no absolute right to a hearing within 30 days (of requesting one) where the hearing's delay is attributable to the employee's conduct. (121 Ill. App. 3d 763, 769, 460 N.E.2d 358.) Consequently, because the hearing's delay was a result of the employee's actions, the Commission retained jurisdiction over the dispute.

The position espoused by the *Holliday* court is supported by other cases involving the interpretation of statutes similar to the Personnel Code. In each instance, the statute involved, like the Personnel Code, requires that a hearing be held within 30 days of an employee's request.

In *Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 488 N.E.2d 1289, for example, the court reviewed the 30-day hearing requirement contained within section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17). The *Massingale* court found where a hearing is originally scheduled within the 30-day period but is thereafter continued at the request of the employee, the board's jurisdiction to hear the dispute is not terminated. Thus, even though the statute in *Massingale* required that a hearing be "commenced within 30 days" (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17) after the employee requested, the court nevertheless determined that the time requirement is suspended where it is the employee who requests a continuance. *Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 381, 88 N.E.2d 1289.

Likewise, in *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 437 N.E.2d 327, the court, in reviewing the same statute, found that an employee's statutory right to a hearing within 30 days is not unbridled. In *Riggins*, a hearing was originally scheduled pursuant to an employee's request within the 30-day period. Prior to the hearing date, however, the employee filed a discovery request asking the employer for certain documents. This discovery re-

quest delayed the hearing from proceeding. However, because the commencement of the hearing was delayed as a result of the employee's discovery request, the *Riggins* court found that the employee's statutory right to a hearing within 30 days had not been violated and that the board retained jurisdiction over the matter. 107 Ill. App. 3d 126, 129, 437 N.E.2d 327.

Furthermore, other courts reviewing statutes with similar 30-day hearing provisions have consistently held that where a delay in a hearing is attributable to an employee, no violation of the applicable statute occurs. See, *e.g., Jones v. Board of Fire & Police Commissioners* (1984), 127 Ill. App. 3d 793, 469 N.E.2d 393; *Carrigan v. Board of Fire & Police Commissioners* (1984), 121 Ill. App. 3d 303, 459 N.E.2d 659; *Finin v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 879, 424 N.E.2d 976.

■ We agree with the position taken by the authority set forth above. Clearly, the 30-day hearing requirement contained within the Personnel Code cannot be read to be so inflexible that an employee, by merely requesting a continuance or asking for the discovery of certain documents, is thereby able to divest the Commission of jurisdiction over a particular dispute. To the contrary, we believe that the Commission retains jurisdiction where a hearing (originally scheduled by the Commission to be heard within 30 days after the employee's request) is delayed by conduct attributable to the employee. Such conduct can take the form of a voluminous discovery request (see, *e.g., Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 129, 437 N.E.2d 327) or can arise from the employee's own request for a continuance of the hearing date. See, *e.g., Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 381, 488 N.E.2d 1289.

Regardless of the exact cause, we believe the key inquiry is whether the employee's right to a hearing within 30 days has been delayed as a result of the employee's own behavior or, in the alternative, as a consequence of the employer's (or the Commission's) failure to properly pursue the matter without providing a good cause for the delay. In the former situation, the Commission retains authority over the dispute, whereas in the latter circumstance, the Commission may, depending on the facts, lose its jurisdiction to hear the matter.

In the case at bar, the Commission originally scheduled Perez' hearing on August 21, 1984, 18 days after Perez first filed her appeal with the Commission. On August 10, 1984, Perez filed her discovery request for certain documents possessed by the Department. Perez' discovery request included demands for the following information:

"(i) *All charges* for discharge filed by the Department of Reg-

istration and Education filed since January 1, 1980 against *any employee* for falsifying or improperly completing Technical Time Reports;

(j) *All files of any hearing* before the Civil Service Commission of the State of Illinois concerning employees of the Department of Registration and Education held since January 1, 1984." (Emphasis added.)

Clearly, by making such a voluminous demand, Perez must have known that it would take the Department a substantial period of time to gather together all of the requested documents. Indeed, a party cannot, on the one hand, request the production of hundreds of documents (spanning a period of four years) and then, on the other hand, complain that a hearing has been unreasonably delayed where the hearing's delay is a direct result of the party's own discovery request. Accord, *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 437 N.E.2d 327.

Moreover, the record discloses that the Commission has been diligent in its efforts to provide Perez with the hearing to which she is entitled. As set forth previously, it was Perez who first asked that the hearing be continued from August 21, 1984, to October 17, 1984. Perez also voluntarily agreed to continuing the hearing from January 15, 1985, to March 13, 1985. In addition, it was Perez who requested to have the hearing continued from May 28, 1985, to June 14, 1985. Thus, of the four continuances granted by the Commission, two were specifically requested by Perez and the third was consented to by her.

▪ Based on this record, it is evident that Perez' hearing before the Commission was delayed not because of a failure on the part of the Commission or Department, but, rather, as a result of her own actions. Her discovery request, because of its magnitude, is by itself sufficient justification for the Commission's delay in holding Perez' hearing. However, when combined with the continuances which she requested and/or acquiesced to, it is evident that the hearing's delay was attributable to Perez. That being the case, Perez' statutory rights under the Personnel Code were not violated and the Commission retains its jurisdiction over this dispute. Thus, we rule that the Commission's decision that the delay in Perez' hearing was attributable to her actions was not against the manifest weight of the evidence and the trial court's ruling to the contrary is reversed.

Perez strenuously argues that the case of *Ragano v. Illinois Civil Service Com.* (1980), 80 Ill. App. 3d 523, 400 N.E.2d 97, is directly on point (with the facts of this case) and that, therefore, the ruling in *Ragano* is "controlling precedent." A review of the *Ragano* opinion, how-

ever, discloses that our decision in the present case is completely consistent with the position taken by the *Ragano* court.

In *Ragano*, a hearing before the Commission was properly scheduled within 30 days after the employee filed his request. However, because key evidence (a trial transcript) was not available until a later date, the hearing was continued. The hearing was finally held 140 days after the employee first filed his request.

In finding that the Commission had lost jurisdiction over the matter, the *Ragano* court noted that the Department of Personnel had failed to show good cause as to why the hearing had to be postponed for 140 days. (80 Ill. App. 3d 523, 529, 400 N.E.2d 97.) The court pointed out that the transcript became available October 1, 1976, but that the hearing was not held until February 18, 1977. Neither the Department nor the Commission could explain why such a lengthy delay had occurred. Consequently, because the hearing was delayed as a result of the Department of Personnel's conduct, and not the fault of the employee, the *Ragano* court determined that the employee's statutory rights under the Personnel Code were violated and that as a result, the Commission lost its jurisdiction over the matter. 80 Ill. App. 3d 523, 529, 400 N.E.2d 97.

Our ruling in the case at bar is not in conflict with the *Ragano* decision. Like the *Ragano* court, we believe that if an employee's hearing is delayed beyond 30 days by the employer (in this case the Department) and without good cause, the employee's statutory rights under the Personnel Code are violated and the Commission's jurisdiction over the dispute is properly terminated. Here, however, the hearing's delay was not the fault of the Department, but rather arose from Perez' own conduct. Accord, *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 437 N.E.2d 327.

CONCLUSION

Accordingly, for the reasons set forth above, the ruling of the circuit court of Cook County is reversed and this matter is remanded to the Civil Service Commission for a hearing on the merits of Perez' discharge.

Reversed and remanded.

McMORROW, P.J., and JIGANTI, J., concur.