WILLIAM J. SULLIVAN, Plaintiff-Appellee, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF BENSEN-VILLE *et al.*, Defendants-Appellants.

Second District   No. 2—87—0989

Opinion filed June 6, 1988.—Rehearing denied July 5, 1988.

James R. Schirott and James G. Sotos, both of Schirott & Associates, P.C., of Itasca, for appellants.

George M. Monaco, of Schaumberg, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, the Board of Fire and Police Commissioners of the Village of Bensenville (the Board), appeals from the order of the circuit court of Du Page County reversing the Board's decision to discharge plaintiff, William J. Sullivan, and reinstating him as a police officer with back pay. The court found that the Board acted without jurisdiction where it commenced a hearing on charges against plaintiff more than 30 days after the date that the charges were filed and the record did not disclose the reason for certain continuances.

The issues raised on appeal concern whether the hearing of the charges against defendant was properly continued beyond the statutory 30-day period for commencement of the hearing and whether the hearing was eventually held within a time when the Board had jurisdiction to proceed.

The relevant facts are as follows. On October 8, 1986, the Village of Bensenville police chief, Michael J. Toomey, filed charges against plaintiff seeking his dismissal for withholding information and filing a false employment application. The charges stemmed from plaintiff's failure to admit that he had been fined over $50 in a traffic matter and that he was under investigation by his former employer, the Hoffman Estates police department, for issuing a citation to a woman and appearing at her home and sexually harassing her. On October 10, 1986, plaintiff was served with the charges and a notice of hearing scheduled for October 27, 1986.

At the October 27, 1986, hearing, plaintiff's attorney requested the police chief's response to a previous discovery request made by plaintiff. All documents had been provided except for certain documents which were apparently not possessed by the police chief but were in the possession of the Board. Plaintiff requested a subpoena from the Board to obtain those documents in its possession. Following a discussion on whether a subpoena for the documents was proper, plaintiff moved for a continuance so that he would have "a little more time to prepare our defense." The parties then agreed to argue the merits of the request for the documents from the Board and to obtain the ruling

at the new date set for the hearing. The hearing was continued until November 11, 1986.

On November 11, 1986, the Board denied plaintiff's request for a subpoena and production of employment applications. Plaintiff then filed a motion to strike certain paragraphs of the charges and a motion for a bill of particulars. Chief Toomey requested until November 18, 1986, to respond to these motions, and plaintiff stated that he had no objection. The Board asked plaintiff's counsel if it could proceed to the hearing on that date as well. Plaintiff's counsel responded, however, that "it might be pushing it" to have the hearing that night because the Board's decision might change plaintiff's strategy. Thereafter, the parties agreed to November 17, 1986, for a hearing on plaintiff's motions and November 24, 1986, for the hearing on the charges.

On November 17, 1986, the Board ordered certain charges stricken and adjourned until November 24, 1986, for a hearing on the remaining charges. On November 24, 1986, the Board allowed an amendment to restate the dismissed charges and, upon agreement of plaintiff, postponed the hearing until December 8, 1986. Chief Toomey expressed his concern regarding obtaining witnesses on December 8 or December 9, 1986.

The events between November 24, 1986, and January 14, 1987, are not documented in the record. According to plaintiff, however, the Board rescheduled the December 8, 1986, hearing for December 15, 1986, and, without explanation, cancelled and rescheduled for January 14, 1987.

The hearing commenced on January 14, 1987, and the witnesses testified. After the testimony, plaintiff's counsel moved to dismiss the petition for lack of jurisdiction because the hearing did not commence within 30 days of the filing of the charges. The Board found that, because plaintiff asked for the first continuance, never objected to further continuances, and acquiesced, it retained jurisdiction to hear the matter. After the ruling, plaintiff requested three weeks to prepare a response and to subpoena records so that he could impeach the testimony of a witness and suggested that the hearing continue on February 17, 1987. The chairman set the hearing for February 17, 1987. Following additional evidence on that date, the Board discharged plaintiff from employment with the Village of Bensenville police department.

Plaintiff filed a complaint for administrative review contending that the Board lacked jurisdiction to render its decision, that the written decision did not contain sufficient findings of fact, and that the decision was contrary to the manifest weight of the evidence. The trial court found that, on January 14, 1987, the Board lacked jurisdiction to

render a decision because it failed to conduct a hearing within 30 days as required under section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17). The trial court further indicated that, while the Board's decision to discharge was not contrary to the manifest weight of the evidence, due to the lack of explanation for the continuances between November 24, 1986, and January 14, 1987, the Board lost jurisdiction to render a decision. The trial court reversed the Board's decision to discharge plaintiff and ordered that he be reinstated with back pay. The Board appeals this decision. Plaintiff has not raised any issue on appeal as to the other findings of the trial court and seeks affirmance of the decision below solely on the jurisdictional ruling.

The Board contends that the trial court erroneously determined that the Board lost jurisdiction when it failed to commence a hearing within 30 days of the November 24, 1986, continued hearing date. It also maintains that the failure to commence a hearing within 30 days of the filing of the charges on October 8, 1986, did not deprive the Board of jurisdiction because the delay was attributable to plaintiff's request for discovery and his motion for a continuance.

Plaintiff maintains that no hearing on the merits occurred within the 30 days following the filing of the complaint, as required by section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17) and the delay was not attributable to his actions. The trial court found, however, that the continuance of the first scheduled hearing which resulted in a rescheduling of the hearing date beyond the statutory 30-day requirement was caused by plaintiff. Nevertheless, plaintiff advances this argument on appeal. Plaintiff also contends that the trial court correctly determined that the Board lost jurisdiction when, after the case was set for a hearing on November 24, 1986, a hearing was not held within 30 days from that date and that the Board failed to show what facts accounted for the 30-day delay after November 24.

■ Section 10—2.1—17 of the Illinois Municipal Code provides, in pertinent part, as follows:

> "The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time." (Ill. Rev. Stat. 1985, ch. 24, par. 10—2.1—17.)

Numerous appellate court decisions have held that the 30-day time limit set forth in this section is a mandatory requirement, the violation of which causes a board to lose jurisdiction. (*Carrigan v. Board of Fire*

& *Police Commissioners* (1984), 121 Ill. App. 3d 303, 307, 459 N.E.2d 659; *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 1006, 445 N.E.2d 1; *Bridges v. Board of Fire & Police Commissioners* (1980), 83 Ill. App. 3d 190, 193-94, 403 N.E.2d 1062.) However, where the delay in commencing the hearing until after the 30-day period is not attributable to the board, but rather occasioned by the plaintiff, the statute is not violated. *Massingale v. Police Board* (1986), 140 Ill. App. 3d 378, 381, 488 N.E.2d 1289; *Carrigan*, 121 Ill. App. 3d at 308, 459 N.E.2d at 664; *Riggins v. Board of Fire & Police Commissioners* (1982), 107 Ill. App. 3d 126, 129, 437 N.E.2d 327; see *Perez v. Civil Service Comm'n* (1987), 153 Ill. App. 3d 176, 180-84, 505 N.E.2d 1067.

■ Here, the hearing was originally scheduled for October 27, 1986, within the 30-day period, but was continued on that date to allow the parties to research and then present arguments on plaintiff's request for a subpoena from the Board for certain documents in the Board's possession. Plaintiff also moved for a continuance to prepare his defense. Although plaintiff maintains that "a simple discovery request" should not be used "as a means to circumvent the statute" and the Board was not ready to proceed on October 27, 1986, we conclude from the record that the hearing was delayed as a result of plaintiff's own actions.

A delay has been found to be attributable to the plaintiff where the plaintiff requests a continuance (*Jones v. Board of Fire & Police Commissioners* (1984), 127 Ill. App. 3d 793, 800, 469 N.E.2d 393; *Carrigan*, 121 Ill. App. 3d at 308, 459 N.E.2d at 664), or where the plaintiff has filed a discovery request (*Riggins*, 107 Ill. App. 3d at 129, 437 N.E.2d at 329; see *Perez*, 153 Ill. App. 3d at 182-84, 505 N.E.2d at 1071). It is clear that plaintiff's discovery request for documents from the Board was a matter that required research and argument which could not be accomplished on the October 27 date of the scheduled hearing within the statutory period. Further, a careful reading of the record also discloses that plaintiff's attorney specifically moved for a continuance stating that he needed "a little more time to prepare our defense." For both of these reasons, we find that this initial delay in the hearing was attributable to plaintiff's actions and the Board retained jurisdiction beyond the statutory 30-day period.

The trial judge found that although the record supported his finding that plaintiff's actions had delayed the initial October 27 hearing and several other subsequently scheduled hearing dates, there was no explanation by the Board for any delay in the hearing between November 24 and January 14. On this basis, the court found that the Board

lost jurisdiction.

The record discloses that on the November 24, 1986, hearing date, the Board allowed the chief of police to file an amendment to certain charges which had been previously dismissed. At that time, plaintiff agreed to a continuance until December 8. The hearing, however, did not commence until January 14, 1987, and the record does not indicate the reason the hearing was not held on December 8. During subsequent argument before the trial court, plaintiff's counsel indicated that the scheduled hearing on December 8 was cancelled by an attorney for the chief of police.

The Board maintains that once there was a delay in holding the initial hearing within 30 days which was caused by plaintiff's actions, there is no statutory time limit for a future hearing date, the only requirement being a due process mandate of a reasonably prompt hearing. Plaintiff responds, in essence, that any delay occasioned by him only tolls the running of the 30-day requirement and the 30-day statutory period begins to run anew from the date to which the case has been continued. Thus, he argues, similar to section 103—5(b) of the Code of Criminal Procedure of 1963 as it existed, prior to its amendment effective March 1, 1977 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)), each continuance, even if occasioned by him, started a new 30-day time limitation. He further sets forth various time computations using this theory in arguing that he was deprived of a hearing within 30 days and that the Board lost jurisdiction. Because we, hereinafter, reject plaintiff's tolling contention, we need not further specify plaintiff's numerous computations of the tolling periods contained in his appellate brief.

We initially note that the trial court relied on the case of *Kahn v. Civil Service Comm'n* (1976), 40 Ill. App. 3d 615, 352 N.E.2d 231, in finding that an agency's jurisdiction must be founded upon facts appearing in the record. As the record did not show why the scheduled December 8, 1986, hearing was not held and a hearing was not held until January 14, 1987, the court reasoned that the Board had failed to show its jurisdiction. *Kahn* is not in point on the issue before us of when a new hearing must be held once the initial statutory 30-day period for a hearing is delayed by the plaintiff. In *Kahn*, the appellate court addressed the lack of a record to show the cause of a continuance of a hearing scheduled within the initial 30-day statutory period.

Section 10—2.1—17 requires that a hearing of the charges be commenced within 30 days of the filing thereof. As previously discussed, decisions of this State hold that a delay of the hearing beyond the 30-day requirement occasioned by a plaintiff does not deprive the Board

of jurisdiction. Section 10—2.1—17, however, does not provide any further requirements for a specific time limitation on a future hearing date once the initial 30-day period is delayed by a plaintiff.

■ The primary rule of statutory construction is that the intent of the legislature should be ascertained and given effect. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151, 485 N.E.2d 1076.) The language of a statute must be given its plain and ordinary meaning. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585.) The court's function is to interpret the law as enacted by the legislature and is not to annex new provisions or substitute different ones, or read into statutes exceptions, limitations, or conditions which depart from its plain meaning. *In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 120, 477 N.E.2d 488.

■ Section 10—2.1—17 only mandates that the hearing commence within 30 days of the filing of charges. Once a delay in the initial hearing date is occasioned by actions of the plaintiff, there is no statutory direction as to when the next hearing date is to be set. We cannot read into this provision an intention that the legislature also meant that continuances beyond the initial 30-day requirement carry a similar 30-day hearing requirement as urged by plaintiff. While administrative proceedings are governed by the requirements of due process of law (*Jones v. Board of Fire & Police Commissioners* (1984), 127 Ill. App. 3d 793, 804, 469 N.E.2d 393), no due process violation is argued by plaintiff. A board of police and fire commissioners must retain some control and flexibility over the scheduling of hearings once the statutory 30-day limitation is waived by a plaintiff's actions. Had the legislature intended to regulate the procedure for rescheduling hearings following a plaintiff's delay of the hearing within the 30-day period, it could have so provided. Here, while the plaintiff had requested or agreed to several continuances, or his actions resulted in delay of the scheduled hearing, up to the December 8, 1986, hearing date, we find there was no unreasonable delay causing plaintiff prejudice resulting from the Board's action in postponing the December 8 hearing until January 14, 1987. Thus, the Board retained jurisdiction for the January 14 hearing and subsequent proceedings.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the order of the Board is reinstated.

Reversed and the order of the Board is reinstated.

INGLIS and NASH, JJ., concur.